**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 17-cv-01807-RM-STV

BRIANNA BELL,

    Plaintiff,

v.

SORIN CRM USA, INC., n/k/a LIVANOVA USA, INC.,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR FEES**

---

This matter is before the Court on Plaintiff's "Memorandum of Law in Support of Plaintiff's Motion for an Award of Attorney's Fees and Nontaxable Costs" ("Motion") (ECF No. 144),[1] to which Defendant opposes. The Motion is fully briefed. Upon consideration of the Motion and related filings, and the applicable part of the court record, and being otherwise fully advised, the Court finds and orders as follows.

### I. BACKGROUND

The parties are well versed with the background which precedes this motion, so the Court will only summarize it here. Plaintiff brought four claims for relief: fraud in the inducement; promissory estoppel; breach of contract; and breach of implied duty of good faith and fair dealing. She proceeded to trial on the fraud in the inducement and breach of contract claims,

---

[1] Plaintiff did not file a separate motion.

after voluntarily dismissing the other two claims. The jury found in favor of Plaintiff on the fraud in the inducement claim but not on the breach of contract claim. At no time prior to or during trial did Plaintiff present any evidence of attorney's fees or nontaxable costs (collectively, "fees") as items of damages for consideration. Instead, Plaintiff now seeks those amounts under Fed. R. Civ. P. 54 (d)(2)(A).

## II.     DISCUSSION

Pursuant to Fed. R. Civ. P. 54 (d)(2)(A), "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." The motion must specify "the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54 (d)(2)(B)(ii). Plaintiff contends she did not seek these fees as damages at trial; instead, she seeks to have the Court award them as an "equitable remedy" for the alleged foreseeable consequence of Defendant's fraud. Plaintiff claims she is entitled to them under Delaware law; Defendant argues she is not. The Court agrees with Defendant.

To start, Rule 54(d)(2)(A) does not apply to fees that, under governing law, are recoverable as an element of damages. And the language in the two Delaware cases upon which Plaintiff primarily relies discusses an award of attorney's fees as a part of a plaintiff's "damages." *Paron Capital Mgmt., LLC v. Crombie*, No. CIV.A. 6380-VCP, 2012 WL 2045857, at *15 (Del. Ch. May 22, 2012); *Barrows v. Bowen*, No. CIV. A. 1454-S, 1994 WL 514868, at *1 (Del. Ch. Sept. 7, 1994). In fact, that was the basis for the award by the Delaware court sitting

as the factfinder in *Paron*.² Regardless, the *Barrows* Court nonetheless stated that such fees may be recoverable by the prevailing party under special circumstances, including where "the action giving rise to the suit involved bad faith, fraud, conduct that was totally unjustified, or the like." *Barrows,* 1994 WL 514868, at *1 (quotation and citation omitted). Defendant raises a number of arguments, but the Court finds it needs to address only the first – Plaintiff's failure to provide sufficient grounds entitling her to an award of fees.

Under Delaware law, the Court had wide discretion in awarding fees. *Barrows*, 1994 WL 514868, at *1. "The award of attorneys' fees is unusual relief." *Id.* at *2 (quotation and citation omitted). And "the American Rule would be eviscerated if every decision holding defendants liable for fraud or the like also awarded attorney's fees. Even more harmful would be to extend this narrow exception to situations involving less than unusually deplorable behavior." *Id.* In this case, the Court is well aware of the evidence which was presented at trial, and Plaintiff's claimed reputational harm (including Dr. McKenzie's testimony) and other damages. And, even though the jury found for Plaintiff on her fraud in the inducement claim, the Court agrees with Defendant that the conduct complained of does not fall within the narrow exception to the American Rule upon which Plaintiff relies; that the evidence does not support an award of fees. This case is readily distinguishable from *Paron* where the factfinder found that defendant, essentially, created a massive fraud against and breached his fiduciary duty to the three plaintiffs, and that they suffered significant damages – in excess of $35 million. In summary, "[t]he facts of this case do not present an instance in which this exceptional relief is justified." *Id.*

---

² If that were the case, Plaintiff's failure here to put on such damages at trial would preclude her from recovering them now.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff's "Memorandum of Law in Support of Plaintiff's Motion for an Award of Attorney's Fees and Nontaxable Costs" (ECF No. 144) is DENIED.

DATED this 28th day of September, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

4