# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 17-cv-01807-RM-STV

BRIANNA BELL,

    Plaintiff,

v.

SORIN CRM USA, INC., n/k/a LIVANOVA USA, INC.,

    Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES
---

This matter is before the Court on Defendant's "Motion for Reasonable Attorneys' Fees Pursuant to the Court's October 20, 2019 Order regarding Dr. McKenzie (Dkt. 129)" (the "Motion") (ECF No. 150). Upon consideration of the Motion, and relevant parts of the court record, and being otherwise fully advised, the Court finds and orders as follows.

### I.    BACKGROUND

Briefly, Plaintiff vacillated on how she would present the testimony of one of her witnesses, Dr. McKenzie. Would it be live by video feed or by videotaped deposition? This caused prejudice of Defendant, causing it to unnecessarily expend resources and confusion as to how to prepare for trial. Thus, by Order dated October 20, 2019 (ECF No. 129), the Court entered sanctions against Plaintiff in the form of attorney's fees, stating:

> (1) as a sanction, Plaintiff shall pay Defendant's attorney's fees incurred in connection with the deposition designation of Dr. McKenzie, e.g., the fees incurred for the deposition designation and preparing objections, for reviewing Plaintiff's responses to the objections, and for time in court going over the deposition designation; (2) … ; and (3) if, at any time hereafter, Plaintiff

>determines to offer only Dr. McKenzie's deposition testimony, then Plaintiff shall pay, *in addition to* the attorney's fees awarded under item (1), Defendant's attorney's fees incurred in connection with preparing for the live cross-examination of Dr. McKenzie. The amount of fees to be awarded shall be determined post-trial.

(ECF No. 129 (emphasis added).) After this Order, Plaintiff decided to offer only Dr. McKenzie's deposition testimony at trial. Accordingly, via the Motion, Defendant seeks to recover $11,499.07 in attorney's fees incurred associated with the deposition designation and with preparing for Dr. McKenzie's live video feed testimony.

## II.     DISCUSSION

To determine the reasonableness of Defendant's fee request, the Court begins by calculating the lodestar amount of the fee. This is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). In this case, Plaintiff does not challenge the reasonableness of the hourly rates charged.[1] And, upon consideration of the nature and complexity of the case and the experience of the timekeepers, the Court finds the rates reasonable.

Plaintiff also does not challenge the number of hours reasonably expended for the various tasks Defendant's legal team performed.[2] What Plaintiff does challenge is whether Defendant may recover fees for the time expended for the deposition designation process *and* for the preparation of the cross-examination of Dr. McKenzie's live testimony via video streaming. Because Plaintiff ultimately chose to use Dr. McKenzie's video deposition at trial, she argues Defendant is only entitled to recover the fees associated with the cross-examination preparation. As Defendant counters, Plaintiff is mistaken.

---

[1] In light of the Court's determination, it will consider Plaintiff's untimely arguments.
[2] And, upon review, the Court finds them reasonable.

In its Order, the Court clearly stated that should Plaintiff change her mind again, Defendant would be entitled to fees for both tasks. Accordingly, Plaintiff's argument is rejected.

### III.   CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That Defendant's "Motion for Reasonable Attorneys' Fees Pursuant to the Court's October 20, 2019 Order regarding Dr. McKenzie (Dkt. 129)" (ECF No. 150) is GRANTED; and

(2) That Defendant is awarded $11,499.07 in attorney's fees against Plaintiff.

DATED this 28th day of September, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge