**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 17-cv-01807-RM-STV

BRIANNA BELL,

    Plaintiff,

v.

SORIN CRM USA, INC., n/k/a LIVANOVA USA, INC.,

    Defendant.

---

**ORDER ON:**
**DEFENDANTS' MOTION TO STRIKE (ECF No. 158)**
**AND**
**PLAINTIFF'S MOTION TO AMEND (ECF No. 156)**

---

This matter is before the Court on two related motions. Plaintiff's "Memorandum Of Law In Support Of Her Motion To Amend The Judgment Or, In The Alternative, For A New Trial On Damages" ("Motion to Amend") and Defendant's "Motion To Strike Plaintiff's Memorandum Of Law In Support Of Her Motion To Amend The Judgment For Failure To Comply With Local Rule 7.1" ("Motion to Strike"). (ECF Nos. 156, 158.) The motions are fully briefed. After considering these motions, related briefings, and relevant parts of the court record, and being otherwise fully advised, the Court finds and orders as follows.

**I.     LEGAL STANDARD**

***Rule 59(e)***. Rule 59(e) allows a district court to alter or amend a judgment. "'Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error

or prevent manifest injustice.'" *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (brackets in original) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A Rule 59 motion is not a vehicle "to revisit issues already addressed or advance arguments that could have been raised" but were not. *Servants of the Paraclete*, 204 F.3d at 1012; *see Matasantos Comm. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001) (finding party waived theory that was not previously raised because a "motion for reconsideration is not…an opportunity for the losing party to raise new arguments that could have been presented originally").

***Rule 59(a).*** Plaintiff, alternatively, seeks a new trial under Fed. R. Civ. P. 59(a) on the grounds that the Court erred in giving Jury Instruction 21 regarding damages. "Such a motion is directed to the sound discretion of the Court, and the Court will grant such relief only upon a showing that, due to substantial errors in the instructions given, the trial was not fair to [Plaintiff]….The Court considers the jury instructions as a whole, focusing not on whether there was any error in any particular instruction, but on whether, as a whole, the instructions failed to properly guide the jury in its deliberations." *Xtreme Coil Drilling Corp. v. Encana Oil & Gas (USA), Inc.*, 958 F. Supp. 2d 1238, 1245 (D. Colo. 2013). Further, such a motion is "not regarded with favor and should only be granted with great caution." *United States v. Kelley*, 929 F.2d 582, 586 (10th Cir. 1991).

**II.   DISCUSSION**

   **A.   THE MOTION TO STRIKE**

Local Rule 7.1(a) provides, with exceptions inapplicable here, as follows:

> Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party

2

> shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

D.C.COLO.LCivR7.1(a). Plaintiff's certification in her Motion to Amend states "Pursuant to D.C.COLO.LCivR 7.1(A), undersigned counsel for Plaintiff conferred with counsel for Defendant regarding *this motion*. Defendant opposes the relief requested herein." (ECF No. 158, p. 1 (emphasis added).) Defendant says this is false. Plaintiff says this was a "mistake" but nonetheless contends that the communications "in pretrial motions and during trial in this matter" allow this certification "to stand as accurate." (ECF No 158, p. 1.) Plaintiff is again mistaken because such earlier unidentified and remote communications do not render the certification accurate. After all, Plaintiff never conferred regarding "this motion," i.e., the Motion to Amend.

Once Plaintiff realized her mistake – even if initially honestly made – it was incumbent upon her to correct that mistake. Plaintiff did not do so; she has still not done so. Instead, Plaintiff raises a litany of justifications for her failure to notify the Court of and correct her conferral certificate, none of which the Court finds persuasive. Contrary to Plaintiff's assertion, Rule 7.1 is not simply a "technicality" which allows parties and counsel merely to go through the motion (or, as Plaintiff stated "go[ing] through the exercise"[1]) of conferral. And, by Plaintiff's failure, she has caused the Court to expend limited judicial resources to address the issue.

The Court has – on *many* occasions – stricken or denied motions based on this "technicality." But, in most instances where it's the first failure to comply, the Court has generally allowed the motion to be refiled, after proper conferral. That remedy is unavailable here because the deadline for filing Rule 59(e) motions has passed. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules...59(b), (d), and (e), and 60(b)."). Because

---

[1] ECF No. 166-2, p. 3.

Plaintiff's error was an honest mistake, the Court finds the sanction of striking or denying the Motion to Amend too severe under the circumstances. Nonetheless, the Court finds sanctions should be imposed for failing to notify the Court and causing the need for Defendant to file the Motion to Strike. Accordingly, the Court awards Defendant its reasonable attorney's fees associated with the Motion to Amend *as well as* the motion for fees to be filed. The parties are directed to confer in good faith to reach an agreement as to the amount of fees to be awarded. Defendant's motion for fees shall be filed within 21 days of the date of this Order. If the parties require additional time to reach a good faith agreement, they need only to make such a request via motion.

### B. THE MOTION TO AMEND

Plaintiff prevailed on her claim for fraudulent inducement but not for breach of contract after a jury trial. The contract had a three-year term (from 2014-2017) but was renewable. Based on the evidence and arguments, the Court limited any fraud damages to three years. Plaintiff asserts the Court should amend the judgment to include an additional year's worth of fraud damages because the Court – due to its alleged "misplaced focus" – committed either clear error under Fed. R. Civ P. 59(e) or plain error under Fed. R. Civ. P. 51(d)(2). Specifically, Plaintiff argues one additional year of fraud-based damages would be appropriate because (1) such damages would not be based on reputational harm but on the contemplated year-to-year renewals under the contract, and (2) in 2018, Defendant sold the area of business[2] in which Plaintiff worked. Defendant contends Plaintiff's argument is too late and not supported by the record. The Court agrees.

To start, the Court's focus at trial on fraud damages was where Plaintiff had directed – to her alleged reputational harm which allegedly ran from the end of the three-year contract term to

---

[2] The marketing and sales of cardiac rhythm management ("CRM") devices.

4

her expected work life. (*See, e.g.*, ECF No. 117, pp. 2-4, 13-14, 16.) Plaintiff cannot now be heard to complain that such focus was "misplaced."

Second, as Defendant argues, Plaintiff's theory of one additional year of damages post-contract based on the "automatic renewal" of the contract was not raised before judgment was entered. Thus, it will not be considered now.

Third, to the extent Plaintiff argues she is relying on any "new evidence" that Defendant sold the CRM business a year after the initial three-year term to support relief, as Defendant points out, this testimony was given *prior* to the close of Plaintiff's case-in-chief. Thus, it is not new evidence.

Fourth, Plaintiff fails to show the Court may – much less should – average the amount of damages the jury awarded for the years the contract was in place, extrapolate one additional year of damages from this number, and award such additional damages to her. And, on a theory which Plaintiff did not previously raise.

Next, to the extent Plaintiff relies on Rule 51(d)(2), that provision states "[a] court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights." But Plaintiff provides only a single conclusory sentence that such relief is appropriate. Thus, this argument is waived. *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider…issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." (quotation and citation omitted).) And, even if not waived, Plaintiff's argument is insufficient to show that this Rule applies or supports relief under Plaintiff's theories of why the Court allegedly erred. *See Therrien v. Target Corp.*, 617 F.3d 1242, 1253 (10th Cir. 2010) (setting forth four-prong test for plain-error review).

5

Finally, for the same reasons, Plaintiff fails to show any error which would warrant a new trial on damages. Plaintiff's one sentence that a new trial is warranted does not show to the contrary.

### III.     CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That Defendant's Motion to Strike (ECF No. 158) is granted in part and denied in part as stated herein;

(2) That Defendant shall file its motion setting forth the amount of attorney's fees requested within 21 days of the date of this Order, which may include fees associated with the Motion to Strike *and* the motion for fees; and

(3) That Plaintiff's Motion to Amend (ECF No. 156) is DENIED.

DATED this  28th day of September, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge