**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 17-cv-01807-RM-STV

BRIANNA BELL,

      Plaintiff,

v.

SORIN CRM USA, INC., n/k/a LIVANOVA USA, INC.,

      Defendant.

---

### ORDER DENYING DEFENDANT'S RENEWED MOTION

---

This matter is before the Court on Defendant's "Renewed Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50(b) and Alternative Motion for New Trial" (the "Renewed Motion") (ECF No. 157). After considering the Renewed Motion and related briefing, and relevant parts of the court record, and being otherwise fully advised, the Court finds and orders as follows.

## I.    LEGAL STANDARD

***Rule 50(b).*** "Judgment as a matter of law under Rule 50 'is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position.'" *Mountain Dudes v. Split Rock Holdings, Inc.,* 946 F.3d 1122, 1129 (10th Cir. 2019) (quoting *In re: Cox Enters., Inc.*, 871 F.3d 1093, 1096 (10th Cir. 2017)). "'Judgment as a matter of law is cautiously and sparingly granted and then only when the court is certain the evidence conclusively favors one party such that reasonable [people] could not arrive at a contrary verdict.'" *Id*. at 1130 (brackets in original) (quoting *Bill Barrett Corp. v.*

*YMC Royalty Co.*, 918 F.3d 760, 766 (10th Cir. 2019) (per curiam)). "'All reasonable inferences are drawn in favor of the nonmoving party and this court does not make credibility determinations or weigh the evidence.'" *Id*. at 1130 (quoting *Liberty Mut. Fire Ins. Co. v. Woolman*, 913 F.3d 977, 983 (10th Cir. 2019)).

  ***Rule 59(a).*** "Courts may set aside jury verdicts that are fundamentally inconsistent, but they must do so with great reluctance and considerable deference to the jury's factfinding….A new trial is warranted only where the essential controlling findings are in conflict and there is no plausible theory that supports the verdict….The mere fact that it may be difficult to reconcile apparently conflicting verdicts is not, of itself, grounds for granting a new trial….Relief is appropriate only when it is impossible to reconcile the verdicts." *Martinez v. Valdez*, 125 F. Supp. 3d 1190, 1196 (D. Colo. 2015) (quotations omitted).

## II.  DISCUSSSION

  A jury trial ended with a verdict in favor of Plaintiff on her claim for fraudulent inducement. Defendant contends that judgment as a matter of law should enter in its favor on this claim because the alleged fraudulent representations were nothing but non-actionable puffery upon which Plaintiff could not reasonably rely. And, further, the damages awarded by the jury cannot stand because the fact and amount of any damages were not established to a reasonable degree of certainty. Instead, Defendant asserts, the damages awarded were the result of speculation. Plaintiff argues otherwise. The Court agrees with Plaintiff.

  Defendant's arguments are essentially those raised during trial which the Court considered but rejected. The Court finds the matters raised in Defendant's Renewed Motion do not support a contrary result. For example, Plaintiff's theory as to contractual access is not as limited as Defendant contends. As the parties agree, context matters. While the statement which

Defendant relies on is accurately quoted, it must be placed in context with other arguments and evidence at trial. And, among the matters presented during trial included Plaintiff's counsel's opening statement that "Mr. Mahmood, in Ms. Bell's presence, said, 'No problem, that access is present.'" (ECF No. 152, p. 32, ll. 1-5.)[1]

As for damages, under applicable Delaware law, "[t]here must be some reasonable basis upon which a jury may estimate with a fair degree of certainty the probable loss which plaintiff will sustain in order to enable it to make an intelligent determination of the extent of this loss." *Henne v. Balick*, 51 Del. 369, 373, 146 A.2d 394, 396 (1958). Plaintiff offered a reasonable basis which the jury was free to accept or reject. The Court finds the record insufficient to reject the jury's verdict or to hold a new trial as Defendant cursorily requests.

III.     **CONCLUSION**

Based on the foregoing, it is **ORDERED** that Defendant's "Renewed Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50(b) and Alternative Motion for New Trial" (ECF No. 157) is **DENIED**.

DATED this 28th day of September, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[1] Plaintiff did not cite to the record for evidence in support of her arguments, and the Court has no obligation to search the record on behalf of any party. Nonetheless, the Court recalls the testimony and arguments that were presented at trial.